SAMUEL BING v. C. L. WILLEY.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS NO. 1 OF ALLEGHENY COUNTY.

Argued October 28, 1891—Decided January 4, 1892.

1. A contract whereby Bing agrees to pay money to Willey for becoming surety on the bond of Fauble as an applicant for a license to sell liquors,

Charge of Court below.

the money to be paid back if the application is refused, is not unenforceable as contrary to public policy.
2. This, notwithstanding the fact that the contract is made and afterward carried out, to enable Fauble to answer negatively an interrogatory of the license court, whether he had paid money to obtain sureties upon his bond as an applicant for license.

Before Paxson, C. J., Sterrett, Green, Clark, Williams, McCollum and Mitchell, JJ.

No. 94 October Term 1891, Sup. Ct.; court below, No. 444 September Term 1888, C. P. No. 1.

On July 12, 1888, an appeal was entered from the judgment of an alderman in favor of Samuel Bing against C. L. Willey. Issue.

At the trial, on September 30, 1890, the case, as it went to the jury with some contradiction in the testimony, was as follows:

One Fauble was an applicant for a retail license to sell liquors, in March, 1888. Samuel Bing, the plaintiff, a wholesale dealer, was interested as a friend in behalf of Fauble. Fearing an interrogatory then usually propounded to applicants for license by the presiding judges, whether the applicant had paid money to any one for becoming surety on his bond, the plaintiff arranged with C. L. Willey, the defendant, to become a surety on Fauble's bond, in consideration of the sum of two hundred dollars, with the condition that Willey was to repay the money to Bing in the event that Fauble's application should be refused. Willey executed the bond, Bing paid the two hundred dollars, Fauble's application was denied, but Willey refused afterward to repay the money received, denying the condition alleged by the plaintiff.

The court, Slagle, J., instructed the jury in part as follows:
[I have been asked by the defendant to instruct you that the bargain and contract alleged by the plaintiff is contrary to public policy, and therefore, the plaintiff cannot recover. This I have refused, because I want to submit to you the question of fact which is in dispute.

As I have said, it is admitted that Mr. Bing paid this money, and he testified the money belonged to him. It is admitted

Arguments.

that it was paid in consideration of Mr. Willey's becoming surety upon the bond of Fauble ; and also that he did become surety upon that bond, which was filed in court; that is, that he signed a bond as surety and that the license of Fauble was refused, and for that reason the bond never became effective, no liability ever attached on the bond. The only question then, in the case, under the ruling I have made upon this point, is whether or not at the time this money was paid, or before, Mr. Willey agreed that in case the license was not granted he would refund the money.] [2]

Mr. Bing says that was the agreement ; that at the time he paid him the money, Mr. Willey said if the license was refused he would pay the money back to Bing. Mr. Willey testifies there was no such agreement, that he was simply asked to go on that bond, and agreed to go on it, in consideration of which he was to receive two hundred dollars, which was paid when he signed the bond, and that that was the end of the transaction. Now, the two stand directly in conflict with each other, and it is for you to determine which you believe to give the correct statement. If the agreement was made as testified by Mr. Bing, he is entitled to recover this money, because the license was refused. If it was as Mr. Willey says, then Mr. Bing has no claim, and it has nothing to do with the question that there was no good derived from this transaction.

The defendant requests the court to instruct you :

1. That the bargain or contract, alleged by plaintiff, is contrary to public policy, and therefore plaintiff cannot recover.

Answer: refused.[1]

—The jury returned a verdict for the plaintiff for $200, with interest from May 1, 1888. A rule for a new trial having been discharged and judgment entered, the defendant took this appeal, assigning for error :

1. The refusal of the defendant's point.[1]

2. The portion of the charge embraced in [ ]

*Mr. J. S. Ferguson* (with him *Mr. E. G. Ferguson*), for the appellant.

*Mr. Josiah Cohen* and *Mr. A. Israel*, for the appellee. were not heard.

PER CURIAM:

The only question is whether the contract alleged by the plaintiff is against public policy. We do not know that it has ever been alleged that it is against public policy for a man to pay for bail or security. It is done every day by public officers, trustees, guardians, and other persons. Indeed, we have trust companies, a large part of whose business it is to furnish security for a consideration. That the bond in this case was as surety for a license to sell liquor, does not affect the principle. The law requires the bond to be given in case a license is granted, and we know of no reason why the licensee should not pay for his security, if he cannot get it otherwise. The defendant denied the contract as alleged by the plaintiff, and contended that he had not agreed to return the money under any circumstances. This was properly left to the jury.

Judgment affirmed.